PROB 12B
(NYEP-11/25/02)

# United States District Court
## for the
## Eastern District of New York


RECEIVED
OCT 17 2005

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Hector Vidal**  Case Number **04-CR-717**

Name of Sentencing Judicial Officer: **the Honorable John Gleeson, U.S. District Judge**

Date of Original Sentence: **April 15, 2005**

Original Offense: **Conspiracy to Import Heroin**

Original Sentence: **Time served and 3 years supervised release with special conditions of six months halfway house and mental health treatment, $100 special assessment**.

Type of Supervision: **Supervised Release**   Date Supervision Commenced: **April 15, 2005**

---

## PETITIONING THE COURT

☐ To extend the term of supervision for years, for a total term of years.

☒ To modify the conditions of supervision as follows:

Six (6) months home confinement with electronic monitoring.

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

Prob 12B / Page 2

## CAUSE

The defendant was instructed on April 15, 2005 (the date of his sentence to time served) by our district's Offender Processing Unit to report to the Southern District of NY's Probation Department and he did so, but not until May 3, 2005. A letter was forwarded to the Community Corrections Management Office of the Bureau of Prisons on May 4, 2005 by EDNY to begin the CCC placement process. The defendant entered the Bronx Community Corrections Center (CCC) on June 2, 2005.

On August 5, 2005, the defendant was arrested by detectives of the New York City Police Department's (NYPD) 17th Precinct in Manhattan and charged with Filing a False Written Statement, a class A misdemeanor, in violation of New York State Penal Law 210.45. According to the arrest report, Hector Vidal reported to police that while traveling aboard a crowded northbound 4 train between the 14th Street and 59th Street Stations, a white male approached him from behind and stuck an object into his back. Vidal reported that he was ordered not to turn around, but he did turn around and he observed a silver colored handgun in the right hand of the perpetrator. The perpetrator then removed Vidal's wallet from his right back pocket. When the train entered the 59th Street Station, the perpetrator fled. Vidal stated that he exited the train to notify law enforcement of the incident. He was taken to the Transit Robbery Squad for further investigation. Vidal reported that his wallet contained $120.

The arresting officer, Detective Eric Sanchez, was contacted by the defendant's supervising officer, U.S. Probation Officer Shawnte Harris. Detective Sanchez advised that when the defendant arrived at the precinct, he requested that the officers contact the halfway house to notify staff of his whereabouts, and that he would be late in returning. Det. Sanchez spoke with Ms. Nelson, the facility administrator, who advised that the defendant had reported the loss of his MetroCard, and perhaps even of his entire wallet, though she could not recall exactly what he had said.

Therefore, Det. Sanchez began to question the defendant about the contents of his wallet and asked for identification. The defendant denied possessing those documents. The detective asked the defendant to empty his pockets. From his left front pocket, the defendant removed a small plastic wallet containing his driver's license and two MetroCards, as well as $140 in cash. The defendant claimed that he was afraid to say he had this money as the police would then not believe he was robbed, and that he simply forgot he had the license. One of the MetroCards revealed a last swipe entry as 4:15 PM in Brooklyn that day, making it unlikely that he would be able to arrive on time to the Bronx CCC. Based on all these inconsistencies, the defendant was arrested for filing a false report. He was detained until August 7, 2005 when he was released on his own recognizance.

The defendant reiterated his statement to USPO Harris, stating that he was robbed. He did not offer any explanations for the inconsistencies. According the According to the Manhattan Criminal Court Clerk's office, there is no public record for Docket No. 2005NY053605. Therefore, the case was dismissed. The reason for the dismissal is not known.

Due to the arrest described above, the defendant was discharged from the Bronx Community Corrections Center (CCC) as a program failure on August 8, 2005. During the time he was there, the defendant had several instances of returning late to the facility- twice an hour late and once two hours late. Each of these violations was addressed by staff with the defendant and he was advised that he would be sanctioned should he return beyond his scheduled time in the future.

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

Prob 12B / Page 3

On October 6, 2005, the defendant waived his right to a hearing on this matter and agreed to a modification of his conditions to include six months home confinement with electronic monitoring. The executed Probation Form 49 is attached. It is the interest of USPO Harris to continue in her attempts to work with him and to allow the treatment process to influence his behavior. The defendant is attending mental health treatment at FEGS. Therefore, USPO Harris is requesting that the court continue the defendant on supervision, vacate the order for CCC placement and in its place, add the special condition for six months home confinement via electronic monitor.

Respectfully submitted by,

Nella Yelenovic
U.S. Probation Officer
Date: October 17, 2005

Approved by,

George Doerrbecker
Deputy Chief U.S. Probation Officer
Date: October 17, 2005

THE COURT ORDERS:

☐ No Action
☐ The Extension of Supervision as Noted Above
☒ **The Modification of Conditions as Noted Above**
☒ **Other: Vacate the special condition for six months halfway house**

Signed by
J. Gleeson
on
10/20/05

PROB 49

Waiver of Hearing to Modify Conditions
of Probation

# UNITED STATES DISTRICT COURT
## for the
Southern District of New York

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation:

Six (6) months home confinement with electronic monitoring.

Witness: _____    Signed: _____
U.S. Probation Officer                 Probationer or Supervised Releasee

10/6/05
DATE